THE STAUNTON COAL COMPANY

*v.*

WILLIAM BUB.

*Opinion filed October 24, 1905—Rehearing denied Dec. 7, 1905.*

1. EVIDENCE—*when cross-examination is not proper.* Questions, on cross-examination of witnesses in a personal injury case, which relate to matters to which no reference whatever was made in the examination in chief are properly refused.

2. SAME—*what evidence properly excluded concerning competency of hoisting engineer.* In a personal injury case, where the competency of the hoisting engineer, through whose fault the injury was received, is in issue, it is proper to refuse to allow the defendant's manager to answer questions as to what complaints, if any, had been made of the engineer, and what other injury, if any, his acts had caused.

3. SAME—*when a letter of recommendation is not admissible.* To rebut a charge that the hoisting engineer in a mine was incompetent because of a habit of raising the cage without a signal, neither his letters of recommendation nor proof of the fact that he had invented and patented an attachment for boilers is material.

4. NEGLIGENCE—*effect where negligent act is result of lapse of mind.* The fact that the defendant's hoisting engineer had several times started the cage without signal, whether such acts resulted from lapses of mind or from carelessness or lack of skill, is proper for the consideration of the jury in determining whether or not the engineer was incompetent, as charged in the declaration of a plaintiff who is suing for an injury alleged to have arisen from a careless starting of the cage.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

This is an action on the case brought by William Bub in the circuit court of Madison county, against the Staunton Coal Company, to recover for personal injuries sustained. The fourth count of the declaration upon which the case was tried alleges that the defendant was the operator of the coal mine at which the plaintiff was employed as a cager, at

the bottom of the shaft, to place cars and boxes of coal on the cage and to remove boxes and cars therefrom; that the cage was operated by steam power and was raised and lowered in the shaft by means of an engine, and it was the duty of said defendant not to place in charge of said engine any other than a competent engineer and one who would not hoist the cage from the bottom until he had received the signal so to do, and that, regardless of this duty, defendant placed and kept in charge of said engine an engineer who was not competent and who did not regard the said signals and who habitually hoisted the said cage without any signal, and had been in the habit of so doing to the knowledge of the defendant; that while the plaintiff, in the exercise of due care and caution, was performing his duties as an assistant cager and was assisting in loading a box of coal on said cage, the engineer, on account of said incompetency and on account of his disregard of the signals, suddenly started to hoist the cage, and thereby plaintiff was brought with great force and violence between the shaft and the ascending cage and was dragged upwards against the side of the shaft for a distance of one hundred and fifty feet, whereby his arm, collar bone and jaw bone were broken and his ear torn, and he was otherwise injured, to his damage of $5000.

Upon a trial before the court and a jury, judgment was rendered against the defendant for $3200. The same has been affirmed by the Appellate Court and a further appeal prosecuted to this court.

Percy Werner, (Travous, Warnock & Burroughs, of counsel,) for appellant.

Burton & Wheeler, and Jett & Kinder, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Proper motions were made to instruct the jury to find for the defendant, which were overruled, and the question therefore arises whether or not there is any evidence in the record

fairly tending to prove that the engineer (King) was incompetent; that the defendant knew of such incompetency, and that the plaintiff, while in the exercise of due care, was injured by the negligence of said engineer,—these being the material and substantial facts of plaintiff's case.

Appellee was assistant cager at the bottom of the shaft, and on the day of his injury an attempt had been made to place a box of coal on the cage. It left the track, or was derailed, at the point where the track on the bottom met the points of the rails on the cage. In his efforts to assist other laborers to replace the car on the rails plaintiff stood on the cage near the side or end, in a stooping posture, with his back to the car. While in this position and so engaged the engineer hoisted the cage, and one of the men by the name of Bayliss was thrown off and killed, and plaintiff was carried up and injured by being dragged against the side of the shaft. There is no dispute as to the fact that the injury was caused by the untimely hoisting of the cage by King, the engineer. All of the men working at the bottom of the shaft, being the only persons by whom a signal to raise the cage could properly be given, testified that no signal was given. Several other witnesses who had worked in the mine for various lengths of time, testified that during the time in which King was hoisting engineer he hoisted the cage without signal on many different occasions. Two of these witnesses, Allen and Vanderberry, testified that the defendant had actual notice of the manner in which King handled the cage without signal. This evidence tended to prove the allegations of the declaration with reference to the incompetency of the engineer and the knowledge of defendant of this fact. The evidence also shows that plaintiff was in the exercise of due care and caution for his own safety at the time of the accident. The motion to take the case from the jury was therefore properly overruled.

Objection is made to the exclusion of evidence by the trial court. Many of the questions asked on cross-examina-

tion of witnesses, to which objections were sustained, were not proper cross-examination. For example, plaintiff and a witness named Sardigo were asked whether they made any objection or complaint to the defendant about the incompetency of the engineer, or whether they hesitated to ride on the cage when he was in charge, or if he was not always careful, so far as they knew. Neither of these witnesses was asked anything with reference to these matters in his examination in chief, and therefore the cross-examination was not proper.

The mine manager, Ramsey, and his assistant, Wilson, were asked to state what complaints, if any, were ever made to them with reference to the incompetency of the engineer in hoisting without signal, and what other injury, if any, had been occasioned by his acts, both of which questions were excluded by the court. These witnesses were permitted to testify to King's general reputation as an engineer, and in other ways to cover the same ground sought to be proved by the excluded testimony. Their evidence, at most, was properly confined to his general reputation,—not to specific acts.

King, the engineer, upon his own examination in chief, was asked to produce certain letters of recommendation which he presented to the defendant at the time of his employment, and these were offered in evidence, and the court sustained objections to them. Evidence was also excluded as to his having invented some attachment for steam boilers and having obtained a patent upon the same. We do not see that either the letters or the patent threw any light whatever upon the question as to his competency as a practical engineer. The charge in the declaration was that he was incompetent because he habitually hoisted and lowered the cage without signal, and that this habit was known to defendant. It was not, under these allegations, so much a question of his skill as an engineer as his diligence in using that skill.

The plaintiff, and Sardigo, a witness for the plaintiff, and Page, after the accident, made certain written state-

ments, which the defendant sought to offer in evidence but which were excluded by the court except in so far as they tended to contradict the evidence of the witnesses given on the trial. Where there was any conflict between the testimony and the statements the court permitted the contradiction to be presented to the jury. Defendant certainly was not injured by this ruling and has no cause for complaint.

Many other objections to the action of the court in the exclusion of evidence have been called to our attention. They are so numerous that it would be impossible, within the reasonable limits of an opinion, to notice each of them separately. It is sufficient to say that we have examined the record in each instance pointed out by these objections and find none of them of substantial merit. In fact, the record is unusually free from error affecting the rights of the defendant in the admission and exclusion of testimony.

Complaint is made of the refusal of the court to give the seventh instruction offered by the defendant. It stated that even if the jury believe that the engineer had at other times started the cage without signal, yet if they believe that such acts were the result of mere lapses and that the engineer thoroughly understood his duties and was essentially fit for his duties, then their verdict should be for the defendant. It is claimed that it should have been given on the testimony of the engineer, who stated that he never consciously moved the cage without a signal, and if he ever did move it without a signal he did so unconsciously and it was a lapse or trick of mind, and notwithstanding this he fully understood his duties and was a competent engineer. This testimony and the instruction seem to proceed upon the idea that competency in an engineer depends wholly upon knowledge and skill, ignoring entirely the quality of attention, care and diligence. The court very properly refused the instruction, which was highly calculated to mislead the jury. If the engineer was in the habit of moving the cage without signal this was evidence of his incompetency, no matter whether such acts re-

218—9

sulted from lapses, carelessness or want of skill, and this was proper to be taken into consideration by the jury in determining whether or not he was incompetent, as charged in the declaration.

Complaint is also made of the refusal of the defendant's ninth instruction, which sought to tell the jury that the sole and only question before the jury is whether or not the defendant was guilty of negligence in employing the engineer in that position on the day of the injury. It was properly refused for two reasons: First, because the negligence of the defendant in employing the engineer was not the sole and only question to be determined by the jury; and second, the word "employed," as used in the instruction, was very indefinite in its meaning, and while its meaning might have been clear to the court it might have been misunderstood by the jury as meaning the employment originally entered into long before the accident, rather than his being employed at the time of the accident.

No reversible error is shown upon this record and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*